<table>
<tr><td>

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

</td><td>

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

</td></tr>
</table>

February 16, 2018

**LETTER MEMORANDUM**

**Re:**   *Barbara A. Williams v. I.B.E.W. Local 604 System Council No. 7, et al.*
**Civil Action No. 16-5567 (ES) (JAD)**

Dear Parties:

Pending before the Court is Defendants' motion to dismiss *pro se* Plaintiff's Amended Complaint.  (D.E. No. 23).  For the following reasons, Defendants' motion is GRANTED.  As set forth in the Court's accompanying Order, Plaintiff may file an amended pleading within sixty days to cure the deficiencies identified below.

*Organizational Defendants*.   In Defendants' previous motion for a more definite statement, Defendants informed Plaintiff and the Court that "[t]here is no such entity as I.B.E.W. Local 604 System Council 7."  (D.E. No. 9-1 at 2).  Defendants explained:

- The International Brotherhood of Electrical Workers ("IBEW") is "a national labor organization and the duly authorized bargaining representative under the Railway Labor Act . . . for persons employed by New Jersey Transit Rail Operations ('NJTRO') as electricians."  (*Id.*).

- IBEW System Council No. 7 (the "System Council") "is a subordinate body of the IBEW with responsibility for negotiating and administering collective bargaining agreements with various railroads throughout the country that employ IBEW members, including NJTRO, through dealings with railroad labor relations officers."  (*Id.*).

- IBEW Local No. 604 (the "Local") "is a subordinate body of the IBEW and an affiliate of the System Council responsible for administering collective bargaining agreements at the local level with local management officials.  The Local is comprised of members of the IBEW who work at NJTRO."  (*Id.*).

The Hon. Joseph A. Dickson, U.S.M.J., granted in part Defendants' motion for a more definite statement and directed Plaintiff to identify the specific defendants she is suing.  (D.E. No. 11).  Nevertheless, Plaintiff's Amended Complaint, like her original Complaint, names I.B.E.W. Local 604 System Council 7 as the only organizational defendant.  The Court will therefore permit Plaintiff a final opportunity to amend her pleading to identify which defendant she is suing.

***Individual Defendants***.  Defendants argue that Plaintiff's claims against the Individual Defendants[1] must be dismissed because Title VII does not provide for individual liability.  (D.E. No. 23 at 2).  The Court agrees.  *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (holding that individual employees cannot be held liable under Title VII).  The Court will dismiss these claims *with prejudice*.

***Administrative Exhaustion***.  In their moving brief, Defendants contend that Plaintiff filed the relevant charge of discrimination with the EEOC on June 30, 2016.  (D.E. No. 23 at 3).  That charge indicates that the earliest and latest dates of the discrimination were February 22, 2016.  (*Id.*) (citing June 30, 2016 Charge of Discrimination, attached as Ex. A).  Defendants argue that, under Title VII's administrative-exhaustion provisions, Plaintiff cannot sue Defendants for conduct that occurred before January 2, 2016.  (*Id.*) (citing 42 U.S.C. § 2000-e-5(e)(1)).  Defendants contend that all of Plaintiff's claims must be dismissed because they concern conduct that occurred before January 2, 2016.  (*Id.*).

Although Plaintiff did not submit an opposition brief, she did submit several documents suggesting that she filed other potentially relevant charges of discrimination with the EEOC.  (D.E. Nos. 24 & 26).  Accordingly, the Court will permit Plaintiff the opportunity to amend her pleading to include all relevant charges of discrimination filed with the EEOC.  That way, Defendants can properly respond to Plaintiff's submissions.[2]

*       *       *

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff's Title VII claims against the Individual Defendants are DISMISSED *with prejudice*.  Plaintiff's remaining claims are DISMISSED *without prejudice*.  Plaintiff may amend her pleading within sixty days to address the deficiencies identified in this Letter Memorandum.

An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1]      The Individual Defendants are Author J. Davidson, Steven R. Corrado, John Woloszczak, III, and Thomas Earl.

[2]      The Court is aware that Plaintiff initiated a second civil action against Defendants involving similar allegations and theories of liability.  *See Williams v. Davidson, et al.*, Civil Action No. 16-8339-ES-JAD (the "Second Action").  The Second Action also appears to involve more recent allegations, some of which Defendants appear not to contest as time-barred.  (*See id.* at D.E. Nos. 18 & 20).  It may be that Plaintiff has elected not to pursue this action and will instead pursue the Second Action.  In light of the status of these cases, the Court will close this case pending further action from Plaintiff.  Should Plaintiff choose to pursue this action, she may file an amended complaint as set forth in this Letter Memorandum and the Court's accompanying Order.  In that event, the Court will reopen this action.